UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CV-14013-MOORE/MAYNARD

**BRIAN R. ROOT,**

    **Plaintiff,**

**v.**

**NICOLE MENZ, and
INDIAN RIVER COUNTY COURT,
STATE OF FLORIDA,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before me upon referral from United States District Judge K. Michael Moore of Defendants'[1] Motion to Dismiss Amended Complaint ("Motion to Dismiss") (DE 20) pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida. DE 26. Having reviewed the Motion to Dismiss, the Response (DE 21), the Reply (DE 22) and the record and being otherwise fully advised, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED**.

## BACKGROUND

On September 29, 2021, *pro se* Plaintiff filed a civil action pursuant to Title II of the Americans with Disabilities Act ("ADA") in the Nineteenth Judicial Circuit in and for Indian River County, Florida (DE 1-1), which Defendants removed to this Court on January 7, 2022

---

[1] The Defendants are Judge Nicole Menz and the Nineteenth Judicial Circuit, in and for Indian River County, Florida. *See* DE 20 at1 (stating that the Florida Nineteenth Judicial Circuit waived proper service).

(DE 1). Defendants filed a Motion to Dismiss (DE 5), which I recommended be granted with leave to refile an amended complaint (DE 17). Prior to Judge Moore ruling on my report and recommendations, Plaintiff filed an Amended Complaint. DE 19. Therefore, Judge Moore determined that the report and recommendations was moot. DE 25.

In the Amended Complaint, Plaintiff alleges that he went to the Indian River County Courthouse on December 7, 2020 for a hearing in which he was ordered to appear as a witness. DE 19-1.[2] Plaintiff objected to wearing a mask pursuant to Covid-19 protocols.[3] *See* DE 19 at ¶¶68-70; 78, 81, n.1. Court personnel, who were masked and armed, prevented Plaintiff from entering the state courthouse because he refused to wear a mask. DE 19-1. As a result of Plaintiff's nonappearance, Judge Nicole Menz issued a bench warrant for Plaintiff. *Id.* at 2. Plaintiff was then arrested on December 22, 2020, and he remained incarcerated until he pled no contest on February 3, 2020. *Id.*

Plaintiff's Amended Complaint brings two counts: 1) Discrimination Under the ADA and ADA-AA[4] for Perceived Disability, and 2) Retaliation Under the ADA and ADA-AA. DE 19. Plaintiff seeks declaratory and injunctive relief, unspecified monetary damages and civil penalties. DE 19-1.

---

[2] The Amended Complaint alleges the date of December 7, 2021; however, in an affidavit attached to the Amended Complaint, Plaintiff states the correct date is December 7, 2020. *See* DE 19 at ¶¶20, 50, 57; DE 19-1.

[3] Indeed, Plaintiff rejects the notion of a pandemic warranting mask-wearing, and states that mortality rates in the State of Florida and the United States for the years 2017 through 2020 indicate "no verifiable pandemic." DE 19 at ¶71. Also, in Plaintiff's Verified Motion to Strike Defendants' Reply, Plaintiff affirms his objection to Covid-19 protocols and asserts that "[t]he willfully ignorant 'COVID' policy is by definition, beyond the scope and purview of any judicial or quasi-judicial capacity." DE 23 at 5.

[4] I presume that Plaintiff refers to the ADA Amendments Act of 2008. *See Hetherington v. Wal-Mart, Inc.*, 511 F. App'x 909, 912 (11th Cir. 2013) (discussing the ADA Amendments Act of 2008 ("ADAAA")).

Defendants seek dismissal of the Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. DE 20. Defendants also request dismissal based on absolute and quasi-judicial immunity. *Id.*

I agree that the Amended Complaint should be dismissed. As Defendants argue, Plaintiff's standing under the ADA is doubtful, Plaintiff fails to state a claim, judicial and quasi-judicial immunity apply to bar Plaintiff's claims for monetary relief, and Plaintiff pleads no facts showing future risk of harm that would justify injunctive relief. Furthermore, dismissal should be with prejudice because amendment would be futile, and Plaintiff has had an opportunity to amend.

First, I address Defendants' argument that Plaintiff fails to state a justiciable controversy and lacks standing because he fails to allege an injury. Litigants suing in federal court must establish standing. *Primera Iglesia Bautista Hispana of Boca Raton, Inc. v. Broward Cty.*, 450 F.3d 1295, 1304 (11th Cir. 2006). "If a party lacks standing to bring a matter before the court, the court lacks [subject matter] jurisdiction to decide the merits of the underlying case." *Wein v. Am. Huts, Inc.*, 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (Moore, J.); *see also CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1269 (11th Cir. 2006) ("In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims.") (internal quotation marks and citation omitted). To establish standing, a litigant must show: (1) injury—a particularized and concrete injury that is actual or imminent; (2) causation—that a defendant's conduct caused the complained-of injury; and (3) redressability—that a favorable ruling from the Court will likely redress the injury. *Id.*

Defendants argue that Plaintiff fails to allege a redressable injury for standing purposes. Specifically, Defendant argues that Plaintiff fails to allege any injury at all and fails to allege that he will be subject to injury in the future. DE 20 at 4-7.

Plaintiff responds that he suffered harm because he was incarcerated due to "defendants' conduct and policies." DE 21 at 4. I agree that Plaintiff's standing to bring a claim under the ADA is doubtful. First, Plaintiff alleges no facts showing that he has a disability or was regarded as having a disability.[5] *See Aaron Priv. Clinic Mgmt. LLC v. Berry*, 912 F.3d 1330, 1338–39 (11th Cir. 2019) (finding that a non-disabled corporate plaintiff could not establish standing for an ADA claim on the basis discrimination because it was not part of the "disabled" class it sought to serve "whose concrete interests [would be] affected by discriminatory treatment"); *McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1142 (11th Cir. 2014) (discussing associational standing under the ADA and stating that "non-disabled persons have standing … only if they allege that they were personally excluded, personally denied benefits, or personally discriminated against because of their association with a disabled person"). As for alleging an injury, the only reasonable inference to be drawn from the Complaint's is that Plaintiff's incarceration resulted from his failure to attend the court hearing because he refused to wear a mask, not from any discrimination. However, as Plaintiff is a *pro se* litigant whose pleadings are to be construed liberally, I will give Plaintiff the benefit of the doubt on standing. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

---

[5] Plaintiff alleges in a conclusory manner that he "is regarded as having a physical or mental disability." DE 19 at ¶6.

lawyers[.]"). Even if Plaintiff sufficiently alleges standing, however, he has failed to state a claim as required under Rule 12(b)(6) and his claims are barred by judicial immunity. "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Henry v. Fla.*, 726 F. App'x 764, 765 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While detailed factual allegations are not required, the standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). Therefore, a plaintiff must plausibly allege facts supporting each element of a claim made. *Doe v. Carnival Corp.*, 472 F. Supp. 3d 1187, 1193 (S.D. Fla. 2020) (citing, in part, *Iqbal*, 556 U.S. at 678).

Here, Plaintiff fails to allege facts supporting the elements of a claim under the ADA. To state a claim, Plaintiff must allege: "'(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.'" *Young v. Miami-Dade Cnty.*, No. 16-23852-CIV, 2020 WL 2110012, at *6 (S.D. Fla. Apr. 21, 2020) (quoting *Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1083 (11th Cir. 2007)). Plaintiff fails to plausibly allege facts supporting any of the three elements. As to element one, Plaintiff fails to plausibly allege that he is a qualified individual with a disability. With respect to element two, although Plaintiff claims he was excluded from entering the courthouse, he fails to allege facts showing that exclusion was based on a discriminatory policy or conducted in a discriminatory manner. Plaintiff was prohibited from entering because of his refusal to comply with a mask mandate implemented as part of the state court's pandemic-related policy. Plaintiff

alleges no facts from which it could reasonably be inferred that only he was required to wear a mask or that the policy was not implemented equally across the board to witnesses and individuals entering the courthouse. Moreover, the Eleventh Circuit has recognized during the relevant timeframe at issue here the propriety of court rules requiring that masks be work in court. *See United States v. Focia*, 856 F. App'x 830, 834 (11th Cir. 2021).[6] Therefore, Plaintiff fails to identify any discrimination based on the Nineteenth Judicial Circuit's implementation of its masking rules. As to element three, because Plaintiff fails to allege a disability, he also fails to allege the denial of a benefit based upon a disability. Accordingly, I conclude that Defendants' Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should be granted.

I also conclude that Defendants are protected by judicial immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). Thus, a plaintiff's claim "for money damages against [a judge] based upon the ADA . . . is barred by the doctrine of absolute judicial immunity." *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005). Further, a plaintiff seeking [prospective] relief must allege "an immediate threat that [the judge] will again violate his rights." *Id.* In other words, while "judicial immunity [does] not bar prospective injunctive [or declaratory] relief[,]" a plaintiff must

---

[6] The Eleventh Circuit has also affirmed that state officials were acting within their discretionary authority when mandating mask wearing, among other Covid-19 protocols, during the relevant period here. *Case v. Ivey*, No. 21-12276, 2022 WL 2441578, at *1-2 (11th Cir. July 5, 2022) (affirming dismissal of case seeking relief on the basis of Alabama's mask mandate and other Covid-19 protocols).

sufficiently allege that such relief is needed to address a likelihood of harm in the future. *Scott v. Woodroof*, No. 5:15-CV-00056-MHH, 2016 WL 5253217, at *7 (N.D. Ala. Sept. 22, 2016) (citing *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984) and *Koziara v. City of Casselberry*, 392 F.3d 1302, 1305 (11th Cir. 2004)).

Here, judicial immunity bars Plaintiff's request for monetary relief against Judge Menz, and Plaintiff fails to otherwise establish a claim against Judge Menz for prospective or injunctive relief. As to the judicial immunity bar, Plaintiff's allegations demonstrate that Defendant Menz was acting in her judicial capacity, and within her authority, when she issued a bench warrant for Plaintiff's arrest. Plaintiff attests that Judge Menz issued a bench warrant against him when he failed to attend a hearing that she ordered him to attend. DE 19-1. Accordingly, Judge Menz was carrying out a judicial function in a case that was before her, she did not lack subject matter jurisdiction to do so, and she is, therefore, entitled to judicial immunity. *Bolin*, 225 F.3d at 1239. Plaintiff cannot, therefore, recover for monetary damages against Judge Menz. As to declaratory or injunctive relief, Plaintiff fails to allege how or why he would be subject to a future likelihood of harm absent a grant of such relief. *See Pulliam*, 466 U.S. at 541-42; *Goodley v. Greene*, No. 21-CIV-61284-RAR, 2021 WL 4244869, at *5, n. 4 (S.D. Fla. Sept. 17, 2021), *aff'd*, No. 21-13978, 2022 WL 4113101 (11th Cir. Sept. 9, 2022) (finding that judicial immunity applied because Plaintiff's request for declaratory relief was retrospective in nature). Accordingly, Defendants' Motion to Dismiss Plaintiff's claims against Judge Menz should be granted.

Plaintiff's claims against the Nineteenth Judicial Circuit of Florida similarly fail. "[J]udicial immunity extends to 'certain others who perform functions closely associated with the judicial

process.'" *McCacken v. Kamen*, No. 18-20574-CV, 2018 WL 9837823, at *3 (S.D. Fla. June 11, 2018), *report and recommendation adopted sub nom. McCracken v. Kamen*, No. 18-20574-CIV, 2018 WL 9837824 (S.D. Fla. July 17, 2018) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985)). Certainly, the Nineteenth Judicial Circuit, in and for Indian River County, Florida, its Clerk of Court and court personnel implementing court policies on behalf of the Clerk of Court, "perform functions closely associated with the judicial process." *Cleavinger*, 474 U.S. at 199. Indeed, the judicial process could hardly take place without the facilitation of court personnel in this regard. Therefore, I find that judicial immunity extends in the instant action to the Nineteenth Judicial Circuit of Florida. As such, Plaintiff's claims for monetary relief against this Defendant are barred by the doctrine of quasi-judicial immunity. *Cleavinger*, 474 U.S. at 199. In addition, as with Judge Menz, Plaintiff fails to plead how or why declaratory or injunctive relief against the Nineteenth Judicial Circuit of Florida will address a future likelihood of harm. *See Pulliam*, 466 U.S. at 541-42; *Goodley*, 2021 WL 4244869, at *5, n. 4. Therefore, Defendants' Motion to Dismiss claims against the Nineteenth Judicial Circuit of Florida should be granted as well.

Plaintiff has had one opportunity to amend his complaint, he failed to address any of the deficiencies noted in my first Report and Recommendation, judicial and quasi-judicial immunity apply to bar claims for money damages, and Plaintiff has failed to plead how or why injunctive relief will address a future likelihood of harm. Thus, allowing further amendment would be futile. Even considering Plaintiff's *pro se* status, the Court is not required to allow further amendment under these circumstances. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). Accordingly, I respectfully **RECOMMEND** that Defendants' Motion to

Dismiss (DE 20) be **GRANTED** and that the Amended Complaint be **DISMISSED WITH PREJUDICE**.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge K. Michael Moore.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).  Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 5th day of December, 2022.

                                          SHANIEK MILLS MAYNARD
                                          U.S. MAGISTRATE JUDGE