UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:22-cv-14013-KMM

BRIAN R. ROOT,

    Plaintiff,

v.

JUDGE NICOLE MENZ, INDIAN RIVER
COUNTY COURT, STATE OF FLORIDA,

    Defendants.
    _____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendants Judge Nicole Menz and Nineteenth Judicial Circuit (collectively, "Defendants")'s Motion to Dismiss. ("Motion" or "Mot") (ECF No. 20). Therein, Defendants request that the Court dismiss Plaintiff Brian R. Root ("Plaintiff")'s Amended Complaint ("Am. Compl.") (ECF No. 19) based on judicial immunity, quasi-judicial immunity, and for failure to state a claim. Mot. at 4. Plaintiff filed his Response, (ECF No. 21), and Defendants filed a Reply (ECF No. 19). Pursuant to the Court's August 30, 2022, Order, the matter was referred to the Honorable Shaniek M. Maynard, United States Magistrate Judge. *See* (ECF No. 26). On December 5, 2022, Magistrate Judge Maynard issued a Report and Recommendation, ("R&R") (ECF No. 29), recommending that the Motion be GRANTED and that Plaintiff's Complaint be DISMISSED WITH PREJUDICE. Plaintiff objected to the R&R. ("Objs.") (ECF No. 33) and Defendants did not object. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R IN PART.

I.    BACKGROUND

In the Amended Complaint, and in the affidavit attached thereto ("Aff.") (ECF No. 19-1), Plaintiff alleges that he went to the Indian River County Courthouse on December 7, 2020, for a hearing in which he was ordered to appear as a witness.[1]  *See* Aff. ¶ 3.  Upon arriving at the Courthouse, Plaintiff objected to Court Personnel's request that he wear a mask, pursuant to Covid-19 protocols.  Am. Compl. ¶ 78.  Court Personnel, who were mask and armed, prevented Plaintiff from entering the Courthouse based on his refusal to comply with Covid-19 protocols.  *See* Aff. ¶¶ 6–7.  As a result of Plaintiff's nonappearance, Judge Nicole Menz issued a bench warrant for Plaintiff.  *Id.* ¶ 8.  Plaintiff was then arrested on December 22, 2020, and he remained incarcerated until he pled no contest on February 3, 2020.  *Id.*  ¶¶ 10, 17.

Plaintiff brings two counts in the Amended Complaint:  (1) discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and ADA-AA[2] for perceived disability, and (2) retaliation under the ADA and ADA-AA.  *See* Am. Compl.  Now, Defendants move to dismiss the Amended Complaint.

II.   LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).  The Court "must consider *de novo* any objection to the magistrate judge's recommendation."  Fed. R. Crim. P. 59(b)(3).  A *de novo* review is therefore required if a party files "a proper, specific

---

[1]  The Amended Complaint alleges the date of December 7, 2021; however, in an affidavit attached to the Amended Complaint, Plaintiff states the correct date is December 7, 2020. See Am. Compl. ¶¶20, 50, 57; DE 19-1.

[2] The Court presumes that Plaintiff refers to the ADA Amendments Act of 2008. *See Hetherington v. Wal-Mart, Inc.*, 511 F. App'x 909, 912 (11th Cir. 2013) (discussing the ADA Amendments Act of 2008 ("ADAAA"))

2

objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or if they simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). When a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

### III. DISCUSSION

In her Report and Recommendation, Magistrate Judge Maynard concludes that Plaintiff fails to state a claim. *See* R&R at 5–6. Plaintiff brings both counts under the ADA. *See* Am. Compl. To state a claim under the ADA, a Plaintiff must allege "'(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the

benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.'" *Young v. Miami-Dade Cnty.*, No. 16-23852-CIV, 2020 WL 2110012, at *6 (S.D. Fla. Apr. 21, 2020) (quoting *Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1083 (11th Cir. 2007)). Magistrate Judge Maynard finds that Plaintiff fails to plausibly allege facts supporting any of the three elements.

Plaintiff objects and asserts "[t]he plaintiff never had the burden of describing or discussing the nature of any disability. The burden of proof has always been upon the defendants to establish an exemption from its legal duties under the ADA." Objs. at 3. Plaintiff also states that he "sufficiently alleged that he was a qualified individual" in the Amended Complaint. Objs. at 2. However, the Amended Complaint does not include any facts suggesting that Plaintiff is a disabled individual. *See* Am. Compl. The Amended Complaint instead makes the conclusory statement that "plaintiff is a qualified individual with a disability." *See e.g.*, *id.* ¶ 4. This legal conclusion, unsupported by any facts, is not sufficient to state a claim under the ADA. Because Plaintiff failed to allege that he is a qualified individual with a disability, he failed to state a claim under the ADA. After a *de novo* review, the Court agrees with Magistrate Judge Maynard's recommendation that Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should be granted. Accordingly, the Court **ADOPTS** the R&R's finding that Plaintiff failed to state a claim.

The R&R also finds that: (1) Plaintiff lacks standing because he fails to allege an injury, *see* R&R at 3–5; and (2) Defendants are protected by judicial immunity, *id.* at 6–8. Because the Court **ADOPTS** the R&R's finding that Plaintiff failed to state a claim under the ADA, the Court

finds it unnecessary to reach Magistrate Judge Maynard's additional findings.[3]  To the extent that Plaintiff objects to the R&R's other findings, those objections are dismissed.

Magistrate Judge Maynard also recommends that the Complaint should be dismissed with prejudice because Plaintiff has already had one opportunity to amend his complaint and amendment would be futile, *id*. at 8–9.  Plaintiff does not object to this recommendation.  This Court agrees with Magistrate Judge Maynard.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Maynard's R&R (ECF No. 29) is ADOPTED IN PART.  Defendants' Motion to Dismiss (ECF No. 20) is GRANTED.  Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE.  The Clerk of Court is INSTRUCTED to CLOSE this case.  All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of December, 2022.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: Bryan R. Root
2395 S. Jenkins Road
Fort Pierce, FL 34947

---

[3]  In doing so, the Court does not express any view to the merits of R&R's other findings.